PROYOSTY, J.
[1] Act No. 122, p. 282, of 1904, as amended, by Act No. 152, p. 256, of 1906, and by Act No. 143, p. 221, of 1910, creates the office of fire marshal of the state of Louisiana, and authorizes the Governor to appoint the incumbent of the office, and imposes upon fire, tornado, and windstorm insurance companies, for the payment of the salary and office expenses of said officer, a tax of two-fifths of 1 per cent, of their annual premium receipts, in addition to the license tax already imposed upon said companies for the general purposes of the government. Said tax is required to be collected and covered into the state treasury like other taxes; but, differently from the other funds in the treasury, the fund thereby produced is authorized to be drawn out without the necessity of any appropriation by the Legislature, but simply on the warrant of the said fire marshal. The functions of said officer are prescribed by said statutes and are as follows: The cause, origin, and circumstances of every fire that has. destroyed or damaged property, in any city, is required to be investigated under his direction by the chief of the fire department of such city, with a view to determining whether the same was the result of carelessness or - design. He (the fire marshal) is authorized to direct and supervise such investigation when he deems it necessary. He is to be notified at once by the chief of the fire departments of the several cities of the occurrence of any fires in their respective cities, and to be furnished by them within one week a report upon the cause and origin of such fire, and upon the kind, value, and ownership of the property destroyed or damaged by it, and such other information as may be called for by the blank furnished by him. For the purposes of such investigation, he (the fire marshal) and his deputies are invested with the powers of a committing magistrate, with authority to summon and swear witnesses. He and his deputies are authorized, in the performance of the duties imposed upon *81 them, to enter upon and examine at all times, day or night, any building or premises where a fire has occurred, and any building or premises adjoining or near same. It is made the duty of justices of the peace to issue search warrants for the search of premises designated in the warrants, upon his (the fire marshal’s) affidavit or that of any of his deputies to the effect that he believes or has good reason to believe that by such search evidence tending to show that a fire was of incendiary origin will be obtained, and such search is authorized to be made by either himself or any of his deputies, and privately, if deemed proper; all persons being excluded whose presence is deemed undesirable. He may at all reasonable hours, either himself or by deputy, on his own motion or on complaint made, enter into and upon all buildings and premises for the purpose of examination ; and where he finds that any building or other structure is liable to fire, or is so situated as to endanger other buildings, by reason of its want of proper repair or of its age and dilapidated condition, he may order same to be removed or remedied; and he may, in like manner, order the removal of any combustible or explosive material, or the remedying of any inflammable conditions dangerous to the safety of such buildings or premises; and failure to comply with such orders is made a misdemeanor.
The present suit has been brought by the state tax collector of the city of New Orleans to compel defendant to pay the said tax; and defendant contends that the functions thus prescribed for the fire marshal are local in character, and the exercise of them in the city of New Orleans would constitute an exercise of the police power of the city, and the administration in part of its affairs, and that, therefore, inasmuch as said officer is required by said statutes to be appointed by the Governor the conferring of these functions upon him, in so far as the city of New Orleans is concerned, contravenes articles 31!) and 320 of the Constitution, whereby the electors of the city are given the right to elect the officers charged with the exercise of the police powers of their city, or with the administration of its affairs, in whole or in part. And defendant contends that the nullity of said statutes in that respect necessarily carries with it, in so far as the city of New Orleans is concerned, the nullity of the tax imposed for the purpose of paying the salary and office expenses of said officer, since within the contemplation of said statutes, the rendition of the services of said officer and the imposition of the tax for the payment of them go together and are inseparable.
There can be no serious denial of the fact that the said functions of the said fire marshal are local in character, and that their exercise in any city constitutes an exercise of the police power of such city and an administration in part of its affairs. If such functions as these are not of that character, it would be hard to conceive of any that would be. They are essentially and manifestly such. And, such being the case, the statute which authorizes an officer appointed by the Governor (not elected by the electors of the city of New Orleans) to exercise them in that city, contravenes said articles 319 and 320 of the Constitution, and is in that respect null and void.
[2] And this entails the nullity of the said tax, in so far as the city of New Orleans and the defendant company (which resides and carries on its business in that city) are concerned; for, in the same way that a special tax could not be imposed upon the state at large to defray the expenses of an officer the benefit of whose services should be confined to the city of New Orleans, so a special tax cannot be imposed upon the state at large, including the city of New Orleans, to defray the expenses of an officer the benefit of whose services is confined to that part *83 of the state outside of the city of New Orleans. The principle involved is the one, fundamental in the law of taxation, that the purpose of a tax must pertain to the district taxed, or that one part of the state cannot be taxed for the benefit of another. Cooley, Tax. (2d Ed.) c. 5, p. 140.
See concurring opinion of MONROE, J., 63 South. 632.
See dissenting opinion of LAND, J., 63 South. 638.
It not being constitutionally possible for said officer to exercise his said functions in the city of New Orleans, the legal situation stands just as if in the act itself his functions were thus excluded from the city of New Orleans and confined to the parishes outside of said city. Now, if these statutes read in that manner, that is to say, if they provided that said officer should not exercise his functions in the city of New Orleans, but only in the other parishes of the state, it would be obvious that the special tax imposed by them could not be made to operate in the city of New Orleans. It would plainly be a taxing of the city of New Orleans for a purpose in which it had no interest.
It might be well to add here that nothing in this opinion impugns in any way the power of the Legislature to levy taxes upon the state at large for the general purposes of the government. The distinction between such a tax and that in question in the present case is that the latter is declared to be for a special purpose, a purpose which the city of New Orleans, on the assumption- of it not being constitutional for the fire marshal to exercise his functions within her limits, would have no more concern with than if it were to provide a fund for the maintenance of the fire departments of the cities of Shreveport and Monroe.
The defendant has urged several other grounds of nullity, but we do not find it necessary to consider them.
The judgment appealed from is set aside, and the suit of plaintiff is dismissed at its costs.